**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **DONG YANG #A240-764-239** | **CIVIL ACTION NO. 3:26-CV-01624 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# **REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 5) filed by pro se Petitioner Dong Yang ("Yang"), an immigration detainee at Richwood Correctional Center in Monroe, Louisiana. Yang seeks release from pre-removal-order detention.

Because Yang is now subject to a final order of removal and his detention is mandatory under § 1231(a)(2)(A), the Petition (Doc. 5) should be DISMISSED WITHOUT PREJUDICE.

## I. **Background**

Yang is a native and citizen of China who was ordered removed on October 23, 2025. Although Yang appealed, the appeal was withdrawn on August 25, 2026.[1]

[1] https://acis.eoir.justice.gov/en/caseInformation

## II. Law and Analysis

Yang challenges his detention without a bond hearing during removal proceedings. Doc. 5 at 6-7. However, his appeal has since been withdrawn, and the immigration judge's removal order is now administratively final. *See* 8 C.F.R. § 1003.4. Accordingly, § 1225 no longer governs his detention; § 1231 does.

Once a removal order becomes administratively final, the Government generally has 90 days to effectuate removal. *See* 8 U.S.C. § 1231(a)(1)(A), (B)(i). Detention during that period is mandatory. *Id*. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

Yang's removal order became final on August 25, 2026. Therefore, his 90-day removal period has not expired, and his detention remains mandatory under § 1231(a)(2)(A).

## III. Conclusion

Because Yang's detention is now mandatory under § 1231(a)(2)(A), IT IS RECOMMENDED that the Petition (Doc. 5) be DENIED and DISMISSED WITHOUT PREJUDICE to Yang's right to file a new petition should his post-removal-order detention become prolonged or otherwise unlawful.

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 8th day of September, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE